UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 10-42-GWU


RICKY BROCK,                                                    PLAINTIFF,


VS.                                **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                               DEFENDANT.


## INTRODUCTION

Ricky Brock brought this action to obtain judicial review of an unfavorable
administrative decision on his application for Disability Insurance Benefits.  The
case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining
whether the findings of fact made are supported by substantial evidence.  Jones v.
Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.
1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th
Cir. 1990).  This "substantial evidence" is "such evidence as a reasonable mind
shall accept as adequate to support a conclusion;" it is based on the record as a
whole and must take into account whatever in the record fairly detracts from its
weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions  .  .  .  or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist.

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial

evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments.  Varley v.

Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Brock, a 49-year-old

former bench press operator, sign erector, appliance repairman, office cleaner,

dump truck driver and quality control test operator with a high school equivalent

education, suffered from impairments related to degenerative disc disease, a history

of hypertension, and a depressive disorder.  (Tr. 391).  Despite the plaintiff's

impairments, the ALJ determined that he retained the residual functional capacity

to perform a restricted range of light level work.  (Tr. 394).  Since the claimant was

found capable of returning to his past work as an office cleaner, he could not be

considered totally disabled.  (Tr. 396-397).  As an alternative, the ALJ also noted

that a significant number of other jobs could still be performed.  (Tr. 397).  The ALJ

based this decision, in large part, upon the testimony of a vocational expert.  (Id.).

After review of the evidence presented, the undersigned concludes that the

administrative decision is supported by substantial evidence.  Therefore, the court

must grant the defendant's summary judgment motion and deny that of the plaintiff.

This action was previously reversed and remanded by the undersigned because the ALJ erred in evaluating the evidence of record relating to Brock's mental condition.  (Tr. 412). The mental factors presented to the vocational expert did not fairly characterize the plaintiff's condition.  (Id.).  The claimant had been found to suffer from a number of mental impairments in a prior denial decision which was administratively final and binding on the ALJ in the absence of evidence of a change in the plaintiff's condition under the authority of <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837, 842 (6th Cir. 1997), and Acquiescence 98-4(6). (Tr. 413).  However, despite the ALJ's purported adoption of these restrictions, the hypothetical question omitted several of the mental limitations. (Tr. 413-414). Since the ALJ had also found the existence of additional mental and physical restrictions not considered in the previous decision, the earlier vocational testimony could not be relied upon to support the administrative decision.  (Tr. 414).  In the present action this problem has been cured.

The hypothetical question initially presented to Vocational Expert Katherine Bradford included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) an inability to more than occasionally stoop, bend or crouch; (2) an inability to operate heavy equipment or perform commercial driving; (3) a "moderate" limitation in dealing with the public, relating to co-workers, maintaining attention and concentration, performing detailed tasks, responding appropriately to changes in the work setting, accepting criticism,

completing a normal workday and workweek without interruption from psychologically-based symptoms, and working at a consistent pace. (Tr. 533). In response, the witness indicated that such a person could perform Brock's past work as an office cleaner. (Id.). Bradford also cited a significant number of other jobs which could still be performed. (Tr. 533-534). The ALJ then added an inability to more than occasionally crawl or climb ramps and stairs, an inability to ever climb ladders, ropes or scaffolds, a need to avoid unprotected heights and dangerous machinery, no more than occasional interaction with others and no more than occasional changes in work routines. (Tr. 534). These additional limitations would reduce the alternative job base by 20 percent. (Id.). The ALJ then added a limitation to sitting for more than 60 minutes at a time and a standing restriction to 30 minutes as well as a limitation to jobs requiring only simple, one or two-step instructions. (Id.). These restrictions would preclude the past relevant work and reduce the job base by 60 to 70 percent but still leave a number of jobs which could be performed. (Tr. 535). While this testimony does not support the ALJ's finding that the past work of office cleaner could still be done, the alternative jobs cited by Bradford still support the administrative decision.

The prior ALJ found that Brock would suffer from such mental restrictions as a "moderately" limited ability to relate to co-workers, deal with the public, maintain attention and concentration, handle detailed instructions, respond appropriately to changes in the work setting, accept instruction and criticism appropriately, and

complete a normal workday and workweek at a consistent pace.  (Tr. 47).  These were all presented to the vocational expert in the current case.  The current ALJ also added a limitation to simple, one or two-step instructions which was also considered by the vocational expert.  (Tr. 394).

Psychologist Timothy Baggs examined Brock and diagnosed a dysthymic disorder.  (Tr. 487).  The examiner imposed no mental restrictions on the plaintiff's ability to perform work activity.  This report supports the administrative decision. More severe mental problems were identified by Psychologist Kenneth Starkey[1], an examining consultant (Tr. 213-221), and Psychologist Stephen Scher, a non-examining medical reviewer (Tr. 239-241).  These opinions were offset by the other evidence of record.

The ALJ also dealt properly with the evidence of record relating to Brock's physical condition.  Dr. John Crum examined the plaintiff and opined probable degenerative disc disease of the thoracic and lumbar spine without evidence of radiculopathy and degenerative disc disease of the cervical spine.  (Tr. 212).  The doctor noted inconsistent examination results and felt that <u>no</u> functional impairment had been confirmed.  (Id.).  The ALJ's findings were consistent with this opinion.

---

[1]Starkey stated that the claimant's problems were either a direct result of or an exacerbation of substance abuse and suggested that his condition would improve if he achieved abstinence.  (Tr. 219).  Public Law 104-121 prohibits an award of Social Security Disability benefits when drug or alcohol abuse is a material factor contributing to disability.  Thus, Starkey's opinion could not be used to support the plaintiff's claim.

More severe physical restrictions than those found by the ALJ were not reported by such treating and examining sources as Dr. Maria Atienza (Tr. 164-166, 276-282, 307-314, 323-332), the staff at Baptist Regional Medical Center (Tr. 168-183, 283-304), Dr. Steven Goldstein (Tr. 275), Dr. Arden Acob (Tr. 430-435), the staff at the May Pain Institute (Tr. 452-458, 494-496) and the staff at Corbin Cardiology Institute (Tr. 459-479, 497-498).   These reports provide substantial evidence to support the administrative decision.

The record was reviewed by Dr. Sudideb Mukherjee (Tr. 229) and Dr. Calixto Hernandez (Tr. 230-238), each of whom opined that Brock could perform a restricted range of medium level work.  The reviewers did include restrictions which were not found by the ALJ such as a need to avoid concentrated exposure to extreme cold and vibration.  (Tr. 226, 234).  These opinions of non-examining sources would be outweighed by that of Dr. Crum, an examining consultant, under the federal regulations.  20 C.F.R. § 404.1527(d)(1).  Furthermore, the plaintiff has not raised the omission of these limitations as an issue.

Dr. John Gilbert, a treating source, opined that Brock would be restricted to sedentary level work restricted from a full range by an inability to sit for more than two hours a day, stand for more than two hours a day, walk for more than one hour day, an inability to ever bend, squat, crawl, climb or reach above shoulder level, and a need to avoid exposure to unprotected heights, moving machinery, marked temperature and humidity changes and driving automotive equipment.  (Tr. 186).

These are far more severe restrictions than those found by the ALJ.  When these restrictions were presented to Bradford, she could not identify any work which would remain available.  (Tr. 535).  The ALJ rejected Dr. Gilbert's opinion as binding because he did not believe that it was supported by sufficient objective medical data.  (Tr. 395-396).  The claimant asserts that this decision was erroneous. However, the undersigned agrees that the ALJ had good reason to reject Dr. Gilbert's opinion as binding despite his status as a treating source.  The ALJ noted a general lack of objective findings in the doctor's treatment notes.  (Tr. 396).  In September of 2003, Brock was noted to be stable on his current medical regimen and had declined surgery or injective therapy.  (Tr. 193).  In June of 2004, the plaintiff indicated that physical therapy had been very helpful.  (Tr. 190).  In September of 2004, the claimant declined injective therapy despite pain complaints, indicating that his medications provided sufficient relief.  (Tr. 189).  In February of 2005, Brock again indicated that medication enabled him to function at a satisfactory level.  (Tr. 185).  The ALJ noted that Dr. Crum did not find radiculopathy.  (Tr. 395).  Therefore, the ALJ had good reason to reject the opinion of Dr. Gilbert.

Brock argues that the ALJ erred by failing to consider the combination of his impairments.  Since the hypothetical factors were found to have fairly characterized the plaintiff's condition, the ALJ implicitly considered the combined effect of his

impairments.  The claimant does not specify how he believes the ALJ erred. Therefore, the undersigned must reject Brock's argument.

Brock asserts that his medical problems would prevent him from maintaining employment and, so, he could not meet the durational requirements for substantial gainful activity.  The plaintiff cites the Ninth Circuit Court of Appeals case of <u>Gatliff v. Commissioner of Social Security</u>, 172 F.3d 690 (9th Cir. 1999).  However, in <u>Gatliff</u>, the record contained considerable evidence that the claimant would not be able to maintain employment more than a couple of months and the ALJ had even acknowledged this fact.  <u>Gatliff</u>, 172 F.3d at 692.  In the present action, Brock has not identified similar evidence suggesting that he would not be able to maintain employment.  Therefore, the court must reject the plaintiff's argument.

Brock argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Brock was found to be suffering from a potentially painful condition.  However, even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the

alternative second prongs.  As noted by the ALJ, the plaintiff's treatment had mainly been conservative and he had routinely rejected more aggressive forms of treatment such as injection therapy.  (Id.).  Dr. Crum found no sign of radiculopathy. (Id.).  The claimant indicated that physical therapy had been of help to him.  (Id.). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with Brock's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated the plaintiff's pain complaints.

The undersigned concludes that the administrative decision should be affirmed.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 27th day of October, 2010.

Signed By:

_G. Wix Unthank_

United States Senior Judge